*Fearon & Hawkins, for appelants.*

*Craddock, for appellees.*

---

A. J. PAYNE v. JAMES HOUK, ADMR., ET AL.

**Bond For Title For Conveyance of Land to Defraud Creditors—Equity.**

A court of equity will not enforce a conveyance of land under a bond for title given by the intestate for the purpose of defrauding creditors, even though the creditors of the intestate did not join in the bill to set aside the contract bond.

**Pleadings—Jurisdiction of Courts Over Property not in Controversy.**

The Circuit Court has no right to assume jurisdiction over land not embraced in the petition, nor the appointing of a commission to ascertain the rents, profits, etc., due from a defendant in possession, until an amended pleading shall have been filed charging the defendant with the use and occupation of the land.

APPEAL FROM ROCKCASTLE CIRCUIT COURT.

June 9, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

This action was brought by Houk, administrator of Moses Payne, deceased, to enforce the collection of two notes of fifty dollars each, executed by A. J. Payne to the intestate, in part consideration of a portion of his homestead tract of land, as is alleged contracted to be sold by said intestate to said A. J. Payne, who in his answer admits he owes the amount of the notes, subject to a credit for $16.91, endorsed on one of them; but insists that they were executed in part consideration for the whole of the tract of land owned by intestate at the time, and not for a part thereof, alleges that his contract as he claims it, is evidenced by the title bond of intestate, which he files with his answer, and for which land he contracted to pay two hundred dollars in four equal, annual instalments, two of which he had paid, and the two for which the two notes sued on were executed, were unpaid, and made his answer a cross-petition against the administrator, heirs and widow of said intestate, and prayed that they should be compelled to convey the whole tract to him, which the administrator and a majority of the numerous heirs resisted, allegeing that the bond filed by appellant was executed for the fraudulent purpose on the part of intestate, and A. J. Payne, of covering up the property of the former, to avoid the payment of the debts of said intestate.

On the trial, the court below refused to execute the contract set up by A. J. Payne, and dismissed the cross-petition, rendered judgment against him for the amount due on the two notes sued on, less $16.91 endorsed on one of them as a credit, and subjected to the payment thereof the part of the land alleged in the original petition to have been contracted to be conveyed by intestate to A. J. Payne; from that judgment he has appealed, and insists that the court below erred in not adjudging to him the whole tract, subjecting a sufficiency thereof to pay the unpaid price, and ordering a conveyance to be made to him of the residue.

The bond for a conveyance of the entire tract of land, filed by appellant, was made with the fraudulent design of hindering and preventing the creditors of Moses Payne from subjecting his property to the payment of his debts, as is certainly and incontrovertibly established by the evidence, and courts of equity will not aid parties to such contracts in any way, but will leave them in the condition they are found. Appellant's cross-petition was

therefore properly dismissed, nor was there any error to his prejudice in the judgment subjecting the land for a part of the price of which the notes were executed to their payment. Wherefore, the judgment of date the 7th of March, 1866, is affirmed.

But, at the August term, 1866, the circuit court after directing his master to go on the land sold by intestate to appellant, and lay off the same by metes and bounds, and to convey it to the purchaser, directs him to take possession of the residue of the tract, ascertain who had been cultivating the same same since the death of Moses Payne, the value of the rents, waste, and damages, if any, committed, who by, and report to the next term of the court.

The master executed said order of reference, and reported appellant had been in possession of the greater part of the land since the death of intestate, ascertained and reported the value of rents, &c., and presented the same in three aspects, one of which shows appellant indebted to the estate, after allowing for repairs, &c., $53.70, to all of which he excepted, but his exceptions were overruled, and at the March term, 1867, judgment was rendered against him for $53.70, with interest from the 6th of March, 1867, till paid, and the costs of said proceedings, and of that judgment appellant complains.

No amended pleadings were filed by the administrator of intestate, or any of the parties interested, against appellant, charging him with the use and occupation of the land, while in the original petition, and subsequent amendments, the only relief sought was the recovery of the debts evidenced by the two notes sued on. Appellant had no opportunity of contesting the claim for rents, and damages for waste, or of defending himself from liability therefor, but without allegations of an indebtedness on that account the court of its own volition directs an inquiry by his master into those matters, and upon his report renders judgment against appellant, and assigns the widow dower in the estate. If appellees had a claim against appellant for rent of the land, and waste committed, they should, at least, by an amended pleading, have asserted their claim, and afforded him the opportunity of controverting the same before a judgment could be properly rendered against him for anything on the account.

Wherefore, the judgment of the 8th of March, 1867, for the sum of $53.70 with interest and costs against appellant is reversed, and the cause remanded with directions to permit the parties to

amend their pleadings, if they should desire so to do, within reasonable time, and for further proceedings consistent with this opinion—as one judgment appealed from is reversed, and the other affirmed, each party will pay their own costs in this court.

*Carter, for appellant.*